# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| GERALD DEMARSH, SR. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 6:08-CV-40 |
| | § | |
| LEE GABRIEL, et al. | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

The above entitled and numbered civil action was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. The Report and Recommendation of the Magistrate Judge has been presented for consideration. (Doc. No. 43.) Plaintiff Gerald DeMarsh filed an objection (Doc. No. 48) to the Report and Recommendation. Having carefully considered the objections raised by Plaintiff, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct.

Although the Court sympathizes with Plaintiff's position, it is bound by jurisdictional limits. Unlike many state courts which have broad authority to hear almost any sort of case, Federal Courts are courts of limited jurisdiction. A federal district court may not hear a case unless the United States Congress explicitly authorizes federal subject matter jurisdiction over that type of case. U.S. CONST. art. III, § 2; *Ex Parte McCardle*, 74 U.S. 506, 514-15 (1868). Congress has chosen to authorize federal subject matter jurisdiction for cases arising under the laws, treaties, and Constitution of the United States government, and those between parties from different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1331.

While Congress has broad authority to determine federal subject matter jurisdiction, it is limited by the United States Constitution, which states, "[t]he judicial Power shall extend to all

Cases . . . [and] Controversies." U.S. CONST. art. III, § 2. This Constitutional language limits federal jurisdiction to only those plaintiffs that can demonstrate standing, *i.e.* a plaintiff must show that he suffered a "concrete and particularized" injury, that the alleged misconduct caused that injury, and that the Court can remedy the injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). A parent lacks standing to challenge a judgment rendered against an adult son because any injury was suffered by the son, not the parent. *Gilmore v. Utah*, 429 U.S. 1012, 1016 (1976).

This Court is also bound by decisions of the Supreme Court of the United States, which have articulated limits on the district courts' ability to hear state court matters. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Because federal district courts have only original jurisdiction, they may not exercise appellate review, *i.e.* they may not review, reverse, or modify any final determinations from state court proceedings. If there are constitutional questions arising from state court proceedings, these are to be resolved by the appropriate state appellate court, not a federal district court. *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994).

Federal courts are empowered to issue writs of habeas corpus, which allow the Court to examine whether state court criminal proceedings were conducted properly. 28 U.S.C. § 2254. However, a court may only issue this writ if the incarcerated individual applies for it after completely exhausting all state court remedies. *Id.*; *Dickerson v. State of Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987). Moreover, an individual may not seek monetary damages and habeas relief in the same complaint. *Serio v. Members of Louisiana State Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir. 1987). Monetary damages may be sought only after receiving a favorable ruling in a habeas action. *Id.*

Accordingly, Plaintiff's attempts to bring Texas state law legal malpractice claims against his son's attorneys in Federal Court must be dismissed for lack of subject matter jurisdiction. Plaintiff's attempts to seek redress for harms allegedly committed against his son must be dismissed for lack of standing. Plaintiff's attempts to have this Court review Texas state court judgments against him and his son must be dismissed because of the *Rooker-Feldman* doctrine and because he and his son have not exhausted their state court remedies. Plaintiff's claims for damages must be dismissed because he has not received a favorable ruling in a habeas corpus action.

In addition to the Constitutional, Congressional, and judicial barriers which strip this Court of authority to hear Plaintiff's case, Plaintiff presents only vague conspiratorial allegations against the defendants. Plaintiff asserts in his amended complaint that the "Republican Gestapo" harassed and intimidated his son. (Doc. No. 6.) Plaintiff complains that "[t]hese Publicans are as deceptive as the devil" (Doc. No. 36-2), that the American legal system is the "most corrupt in the world," that "America has come under a Dictatorship as bad as or worse than any communist or Nazi dictatorship," and that "[t]his attitude is certainly antichrist" (Doc. No. 48). In one of his many letters to the Court he asked that his son be released from prison because he was "harassed and intimidated by a colored guy" and because the warden is "also colored." He went on to explain that "God sent Cain in to the wilderness," and that God "colored his and his decendants [sic] skin so they could be recognized for their wickedness and deceitfulness." (Doc. No. 16.) Some of Plaintiff's filings, such as his "Last Will and Testament" (Doc. No. 28), appear to lack any connection to the case at hand. In one document, Plaintiff claimed to have "sensed" the assassination of President Kennedy and to have been scolded through the television by Senator Sam Irwin for calling to discuss the matter. (Doc. No. 41.)

The Magistrate Judge attempted to crystallize any possible § 1983 claims contained in Plaintiff's vague allegations. Nonetheless, the Magistrate Judge found numerous defects in Plaintiff's claims in addition to the jurisdictional, standing, and *Rooker-Feldman* problems. Plaintiff has alleged no deprivation of his Constitutional or statutory rights, and most of the defendants are entitled to absolute judicial or prosecutorial immunity. *Imbler v. Pachtman*, 424 U.S. 409, 430-431 (1976); *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991) ("[j]udges are immune from damage claims . . . even when the judge is accused of acting maliciously . . . pursuant to a conspiracy"). To the extent that Plaintiff has asserted a claim for malicious prosecution, a tort under Texas state law, it too must be dismissed. Plaintiff has not alleged facts sufficient to establish diversity jurisdiction or jurisdiction under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2680(h). *See Brown v. United States*, 653 F.2d 196, 198 (5th Cir. 1981). For a myriad of reasons, Plaintiff's attempts to have this Court address Texas state court matters must be denied.

Therefore, the Court hereby adopts the Report and Recommendation of the United States Magistrate Judge as the findings of this Court, and **ORDERS** that Defendants Tim Powers, Derek Adames, Wayne Salvant, Lee Gabriel, Bruce McFarling, Jake Collier, Vicki Isaacks, and Paul Johnson's motions to dismiss (Doc. Nos. 25, 27, 29, 30, 33) be **GRANTED**.

**SIGNED this 7th day of October, 2008.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE